IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| EDDIE JAMES HARRIS, )<br>)<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>CAROLYN W. COLVIN, )<br>Acting Commissioner of Social Security, )<br>)<br>    Defendant. ) | CIVIL ACTION NO. 3:13cv431-CSC<br>(WO) |

**MEMORANDUM OPINION and ORDER**

**I.  Introduction**

Plaintiff Eddie James Harris ("Harris") applied for disability insurance benefits pursuant to Title II of the Social Security Act, 42 U.S.C. §§ 401 et seq., and for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. § 1381 et seq., alleging that he was unable to work because of a disability. His application was denied at the initial administrative level. The plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ"). Following the hearing, the ALJ concluded that the plaintiff was not under a "disability" as defined in the Social Security Act. The ALJ, therefore, denied the plaintiff's claim for benefits. The Appeals Council rejected a subsequent request for review. The ALJ's decision consequently became the final decision of the Commissioner of Social Security (Commissioner).[1] *See Chester*

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub.L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

*v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Pursuant to 28 U.S.C. § 636(c), the parties have consented to entry of final judgment by the United States Magistrate Judge. The case is now before the court for review pursuant to 42 U.S.C. §§ 405 (g) and 1383(c)(3). Based on the court's review of the record in this case and the parties' briefs, the court concludes that the Commissioner's decision should be reversed and this case should be remanded to the Commissioner for further proceedings consistent with this opinion.

## II. Standard of Review

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . .

To make this determination,[2] the Commissioner employs a five-step, sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920.

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
>
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative

---

[2] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

2

answer to any question, other than step three, leads to a determination of "not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The standard of review of the Commissioner's decision is a limited one. This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Dyer v. Barnhart,* 395 F.3d 1206, 1210 (11th Cir. 2005). Substantial evidence is "more than a scintilla," but less than a preponderance: it "is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158-59 (11th Cir. 2004) (quotation marks omitted). The court "may not decide the facts anew, reweigh the evidence, or substitute . . . [its] judgment for that of the [Commissioner]." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004) (alteration in original) (quotation marks omitted).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

### III. The Issues

**A. Introduction.** The plaintiff was 27 years old at the time of the hearing before the ALJ and completed the eleventh grade in special education classes. (R. 29). Following the

---

[3] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986) is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See e.g. Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981) (Unit A).

hearing, the ALJ concluded that the plaintiff has severe impairments of "alcohol abuse; chronic pancreatitis; seizure disorder; borderline intellectual functioning; panic disorder; and schizophrenia." (R. 13). The ALJ concluded that the plaintiff was unable to perform his past relevant work, but, using the Medical-Vocational Guidelines, 20 C.F.R. Pt. 404, Subpt. P., App. 2, as a framework, and relying on the testimony of a vocational expert, the ALJ concluded that there were jobs existing in significant numbers in the national economy that Harris could perform. (R. 19-20). Consequently, the ALJ concluded that Harris was not disabled. (*Id*.).

**B. The Plaintiff's Claim.** The plaintiff presents a single issue for the court's review. As stated by the plaintiff, the issue is "[w]hether the ALJ erred as a matter of law in not finding that the Claimant's schizophrenia disorder was medically equivalent to Listing 12.03(C)." (Pl's Br., doc. # 13 at 7).

## IV. Discussion

A disability claimant bears the initial burden of demonstrating an inability to return to his past work. *Lucas v. Sullivan*, 918 F.2d 1567 (11th Cir. 1990). In determining whether the claimant has satisfied this burden, the Commissioner is guided by four factors: (1) objective medical facts or clinical findings, (2) diagnoses of examining physicians, (3) subjective evidence of pain and disability, e.g., the testimony of the claimant and his family or friends, and (4) the claimant's age, education, and work history. *Tieniber v. Heckler*, 720 F.2d 1251 (11th Cir. 1983). The ALJ must conscientiously probe into, inquire of and explore

all relevant facts to elicit both favorable and unfavorable facts for review. *Cowart v. Schweiker,* 662 F.2d 731, 735-36 (11th Cir. 1981). The ALJ must also state, with sufficient specificity, the reasons for his decision referencing the plaintiff's impairments.

> *Any* such decision by the Commissioner of Social Security which involves a determination of disability and which is in whole or in part unfavorable to such individual *shall contain a statement of the case, in understandable language, setting forth a discussion of the evidence, and stating the Commissioner's determination and the reason or reasons upon which it is based.*

42 U.S.C. § 405(b)(1) (emphases added). Within this analytical framework, the court will address the plaintiff's claim.

The ALJ concluded that the plaintiff's impairments did not meet or equal in severity any impairment in the Listings of Impairments, 20 C.F.R. Pt. 404, App. 1, specifically referencing Listing 11.02 Epilepsy and Listing 12.05 Mental Retardation. Although the ALJ determined that Harris had severe impairments of panic disorder and schizophrenia, (R. 13), he did not consider whether Harris met or equaled Listing 12.03, *Schizophrenia, Paranoid and Other Psychotic Disorders*. *See* 20 C.F.R. Pt. 220, App. 1. Listing 12.03.

The Listing provides, in pertinent part, that a claimant is disabled if he meets the following criteria:

> 12.03 Characterized by the onset of psychotic features with deterioration from a previous level of functioning.
>
> The required level of severity for these disorders is met . . . when the requirements of C are satisfied.
>
> \*     \*     \*

>       C. Medically documented history of a chronic schizophrenic, paranoid, or other psychotic disorder of at least 2 years' duration that has caused more than a minimal limitation of ability to do basic work activities, with symptoms or signs currently attenuated by medication or psychosocial support, and one of the following:
>
>   1. Repeated episodes of decompensation, each of extended duration;
>   2. A residual disease process that has resulted in such marginal adjustment that even a minimal increase in mental demands or change in environment would be predicted to cause the individual to decompensate;
>   3. Current history of 1 or more years' inability to function outside a highly supportive living arrangement, with an indication of continued need for such an arrangement.

20 C.F.R. Pt. 220, App. 1. Listing 12.03, *Schizophrenia, Paranoid and Other Psychotic Disorders*.

The plaintiff argues that the ALJ erred as a matter of law by failing to consider whether he meets or equals Listing 12.03C because he has been diagnosed with schizophrenia since 2008, and he resides with his mother-in-law in a structured environment. There is no dispute that the plaintiff has been diagnosed with schizophrenia. On February 28, 2008, Harris presented to the Montgomery Area Mental Health Clinic complaining of hearing voices, delusions, hallucinations, and paranoia. (R. 375). He was diagnosed with paranoid schizophrenia and panic disorder without agoraphobia. (R. 385). He began medication that included Effexor and Seroquel. (R. 381, 383, 387-89). On April 16, 2008, he complained that the voices were "getting stronger," and "waking him up during the night and giving him headaches." (R. 382).

In his adult function report dated April 5, 2010, Harris reported that he lives with his

mother-in-law. (R. 190). He continues to hear voices which tell him that he does not need to take his medication. (R. 192). Harris underwent a consultative mental examination by Dr. Brantley, PhD, on April 22, 2010. Dr. Brantley opined that Harris was malingering. (R. 313-14).

On September 21, 2010, Harris presented to the East Alabama Mental Health Clinic complaining of audio visual hallucinations and distracting voices. (R. 332-33). He was again diagnosed as suffering from schizophrenia. (R. 343). The medical record demonstrate that Harris has been prescribed and takes Dilantin, Haldol, Cogentin, and Seroquel. (R. 335).

There is sufficient evidence in the record to suggest the chronic nature of Harris' mental impairment as well as the necessity for him to comply with the medication regime for his schizophrenia to remain in remission. In addition, Harris' mother-in-law, Penny Coleman, testified that Harris is unable to live independently and must reside with her so she can ensure that he takes his medication and eats. (R. 43-46). Dr. Brantley also opined that even though he thought Harris was malingering, Harris "probably cannot live independently." (R. 314). However, the ALJ ignored the testimony of Ms. Coleman completely, and this aspect of Dr. Brantley's opinion. Based on the evidence, the court concludes that the ALJ erred as a matter of law when he failed to properly consider whether Harris met or equaled the requirements of Listing 12.03C.

The Commissioner argues that the ALJ "need not mechanically recite the finding that a claimant does not meet a listing in a decision, and this may be implied from the record."

(Def's Br., doc. # 16, at 8).  The Commissioner's argument is an incorrect statement of the law and purely speculative.  Neither the Commissioner nor the court can ascertain from the ALJ's decision whether Harris meets or equals the Listing 12.3C.  While the ALJ parroted select portions of the medical evidence including Dr. Brantley's opinion that Harris was malingering, rote recitation of the medical evidence is not a substitute for articulating reasons why Harris does not meet or equal Listing 12.03C.  The facts recited by the ALJ might support reasons, but the ALJ did not articulate his reasons.  The ALJ's conclusory analysis is simply deficient as a matter of law.  It is the responsibility of the ALJ to conduct the appropriate legal analysis, and his written decision must include sufficient reasoning to permit the court to determine that he has done so.

Furthermore, the ALJ's sole reliance on Dr. Brantley's opinion that Harris was malingering to discount his schizophrenia is misplaced and opposed by the Commissioner's own regulations.  In discussing chronic mental impairments, the Commissioner recognizes the need to consider the history of the person's illness.

> For instance, if you have chronic organic, psychotic, and affective disorders, you may commonly have your life structured in such a way as to minimize your stress and reduce your symptoms and signs.  In such a case, you may be much more impaired for work that your symptoms and signs would indicate.  The results of a single examination may not adequately describe your sustained ability to function.  It is, therefore, vital that we review all pertinent information relative to your condition, especially at times of stress.

20 C.F.R. Pt. 220, App. 1.  Listing 12.00E, MENTAL DISORDERS, *Chronic mental impairments.*

The court notes that the ALJ ignored evidence that Harris is on medication and

ignored testimony from Harris' mother-in-law that Harris cannot live independently; she must "be stern" with him to take his medication; and she must supervise him. (R. 43-46). Finally, in his function report, Harris reported that he had "been disabled my entire life and my mother did not tell me until I was 19 and the checks stopped." (R. 191). This evidence was sufficient to require the ALJ to at least inquire into Harris's past history of disability to ascertain whether he has previously been awarded benefits.

"Failure to apply correct legal standards or to provide the reviewing court with the sufficient basis to determine that the correct legal principles have been followed is grounds for reversal." *Wiggins v. Schweiker*, 679 F.2d 1387, 1389 (11th Cir. 1982); *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984). It is clear that the ALJ did not consider whether Harris met the requirements of Listing 12.03 at step three of the sequential evaluation. The court refrains from deciding on the present record whether the plaintiff's medical condition meets or equals the listing because it is within the province of the Commissioner to determine whether the plaintiff's impairments rise to the level that render him disabled. For the reasons as stated, the court concludes that ALJ failed to apply the proper legal standards at step three, and this case is due to be remanded. *Armstrong v. Comm'r of Soc. Sec.*, 2013 WL 6231541, *4-5 (11th Cir. Dec. 3, 2013) (No. 13-11137); *Sheffield v. Comm'r of Soc. Sec.*, 513 Fed. Appx. 840, 842-43 (11th Cir. 2013).

## V. Conclusion

Accordingly, this case will be reversed and remanded to the Commissioner for

further proceedings consistent with this opinion.  It is further

ORDERED that, in accordance with *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1278 fn. 2 (11th Cir. 2006), the plaintiff shall have sixty (60) days after he receives notice of any amount of past due benefits awarded to seek attorney's fees under 42 U.S.C. § 406(b). *See also Blitch v. Astrue*, 261 Fed. Appx. 241, 242 fn.1 (11th Cir. 2008).  A separate final judgment will be entered.

Done this 19th day of February 2014.

        /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE